IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

FLORIS CHAUMAT                               PLAINTIFF
22962 BOLLINGER TER
ASHBURN, VA 20148


                                              Case No.  1:21-cv-829

v.

                                              Judge_____



EQUIFAX INFORMATION SERVICES, LLC             DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CORPORATION SERVICE COMPANY
                  100 Shockoe Slip, Floor 2
                  Richmond, VA, 23219 – 4100
                  (BY CERTIFIED MAIL)


EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

        SERVE:    DAVID N. ANTHONY
                  TROUTMAN SANDERS LLP
                  1001 HAXALL POINT
                  RICHMOND, VA, 23219-0000
                  (BY CERTIFIED MAIL)


TRANS UNION, LLC
555 W. ADAMS STREET
CHICAGO, ILLINOIS 60661

        SERVE:    CORPORATION SERVICE COMPANY
                  100 Shockoe Slip, Floor 2
                  Richmond, VA, 23219 – 4100
                  (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

# VERIFIED COMPLAINT

Comes the Plaintiff, Floris Chaumat, by counsel, and for their Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendant's failure to investigate Plaintiff's credit reporting disputes; false reporting to Equifax of default history on Plaintiff's account, and defendant's false reporting on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Floris Chaumat, are currently and was at all relevant times a citizen of the Commonwealth of Virginia residing at 22962 Bollinger Ter, Ashburn, VA 20148.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Virginia with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Virginia with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

9. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

10. Defendant, Trans Union, is a corporation organized under the laws of Illinois and doing business in the Commonwealth of Virginia with its principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

11. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

12. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

13. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Loudoun County, Virginia as a result of the Defendants' doing business in Loudoun County, Virginia.

## IV. FACTUAL BACKGROUND

14. On or about November 2020, Plaintiff sought to obtain credit for a mortgage from Navy Federal Credit Union and was denied. At that time Plaintiff learned of errors in his credit report.

15. On or about February 2021, upon receiving information of false and derogatory tradelines which showed Plaintiff's loan accounts with default history, Plaintiff filed written disputes with Equifax, Experian, and Trans Union regarding the inaccuracy of the tradelines given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.405(b)(2).

16. The written disputes sent to Equifax (Exhibit A), Experian (Exhibit B), and Trans Union (Exhibit D) are attached hereto. Plaintiff's Credit Report is attached hereto as Exhibit D.

17. Upon information and belief, Equifax, did not notify Navy Federal of the disputes Plaintiff's disputes within five (5) days of Equifax, receiving notice of the disputes from Plaintiff pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A).

18. Upon information and belief, Experian, did not notify Navy Federal of the disputes Plaintiff's disputes within five (5) days of Experian, receiving notice of the disputes from Plaintiff pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A).

19. Upon information and belief, Trans Union, did not notify Navy Federal of the disputes Plaintiff's disputes within five (5) days of Trans Union's receiving notice of the disputes from Plaintiff pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A).

20. As of February 2021, Equifax had not verified the accuracy of the tradelines reporting on Plaintiff's credit reports.

21. As of February 2021, Experian had not verified the accuracy of the tradelines

reporting on Plaintiff's credit reports.

22. As of February 2021, Trans Union had not verified the accuracy of the tradelines reporting on Plaintiff's credit reports.

23. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, Equifax, Experian, and Trans Union, failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

24. Upon information and belief, Equifax, Experian, and Trans Union, did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's disputes.

25. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' reporting of the erroneous account default histories.  In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Equifax

14. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

15. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15

U.S.C. §1681i.

16. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

17. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681(p), for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

## Negligent Violation of the Fair Credit Reporting Act – Experian

18. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Experian's violations of the FCRA amount to negligent non-compliance with the

FCRA as stated in 15 U.S.C. §1681(p), for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

22. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

23. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681(p), for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

18. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or

amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

21. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

18. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Experian's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable

time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

21.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

18.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19.     Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Trans Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20.     Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

21.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff's, Floris Chaumat, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against all the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/s/ David B. Vermont*
David B. Vermont, Esq.
Virginia Bar No.: 68916
Attorney for Plaintiff Floris Chaumat
Fierce Law Group, LLC
1629 K Street NW, Suite 300
Washington, DC 20006
Phone: (703) 472-6927
Davevermont16@gmail.com

Dated: July 15, 2021

## VERIFICATION

I, Floris Chaumat, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Floris Chaumat

State of Maryland
~~COMMONWEALTH OF VIRGINIA~~        )
                                     ) SS
COUNTY OF ~~LOUDOUN~~ Baltimore      )

Subscribed, sworn to and acknowledged before me by Eric Williams and Staci Williams this 15 day of June, 2021.

_____
Notary Public

Commission expires: 12/7/2021

[Notary Seal: DANIEL CRAIG MYERS, NOTARY PUBLIC, BALTIMORE COUNTY, MD]

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of July, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. I will then send the document and notification of such filing (NEF) to the following parties via CERTIFIED MAIL.

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

    SERVE:    CORPORATION SERVICE COMPANY
                           100 Shockoe Slip, Floor 2
                           Richmond, VA, 23219 – 4100
                           (BY CERTIFIED MAIL)


EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

    SERVE:    DAVID N. ANTHONY
                           TROUTMAN SANDERS LLP
                           1001 HAXALL POINT
                           RICHMOND, VA, 23219-0000
                           (BY CERTIFIED MAIL)


TRANS UNION, LLC
555 W. ADAMS STREET
CHICAGO, ILLINOIS 60661

    SERVE:    CORPORATION SERVICE COMPANY
                           100 Shockoe Slip, Floor 2
                           Richmond, VA, 23219 – 4100
                           (BY CERTIFIED MAIL)


                                                   */s/ David B. Vermont*
                                                   David B. Vermont, Esq.
                                                   Virginia Bar No.: 68916
                                                   Attorney for Plaintiff Floris Chaumat
                                                   Fierce Law Group, LLC
                                                   1629 K Street NW, Suite 300
                                                   Washington, DC 20006
                                                   Phone: (703) 472-6927
                                                   Davevermont16@gmail.com